**LAPIN et al. v. LA MAUR, Inc.**

Civ. No. 3232.

United States District Court
D. Minnesota, Fourth Division.

Feb. 21, 1951.

This cause came before the Court on plaintiffs' motion for an order (1) making an express determination that there is no just reason for delay in the entry of a final judgment upon the order of this Court dated December 30, 1950, and filed with the Clerk of said Court on said day, and expressly directing the entry of judgment thereon; (2) permitting the filing by plaintiffs of a notice of appeal from said judgment as so ordered to the Circuit Court of Appeals for the Eighth Circuit; (3) fixing and determining the amount, terms and conditions of a supersedeas bond to be used in connection with said appeal; (4) that upon the filing of such notice of appeal and such supersedeas bond all further proceedings herein shall be stayed during the pendency of said appeal, and in addition that pending said appeal the plaintiffs be relieved from further compliance with the writ of injunction heretofore issued herein.

Harlan B. Strong, of Minneapolis, Minn. (Kopald, Stolzoff & Mark, of Beverly Hills, Cal., of counsel), in support of said motion.

Melvin H. Siegel, of Minneapolis, Minn., in opposition thereto.

NORDBYE, Chief Judge.

When the final injunction was entered herein on December 30, 1950, it was an order appealable to the Court of Appeals under Section 1292, Title 28 U.S.C.A. Plaintiffs failed to take an appeal within the statutory period. There now remains for determination in the above proceeding the question as to the loss and damages sustained by the defendant and, as a part thereof, the determination of the profits derived by plaintiffs from the sale of the hair dye called Lapinol in competition with the sale of the hair dye sold under the name of Tecnique. In the motion now before the Court, plaintiffs seek an order un-

der Fed.Rule Civ.Proc. rule 54(b), 28 U.S.C.A., for the entry of a final judgment on the injunction issue herein on the theory that the proceeding is one for multiple claims and no just reason exists for any delay in entering a final judgment on the injunction. Obviously, Rule 54(b) was adopted for the purpose of obviating doubt as to the finality of any determination of one or more initial phases of litigation and to avoid the possible injustice which might be occasioned by the delay in entry of a final judgment on distinctively separate, determined claims in awaiting determination of the entire controversy. But the final injunction granted herein was appealable, and there would have been no occasion to resort to Rule 54(b) in order to obtain a review by the Court of Appeals if plaintiffs had perfected their right of appeal within the statutory period. There may be, therefore, some question as to whether, on this showing, the Court should countenance an application under Rule 54(b) for the entry of a final judgment on the injunction under circumstances where timely action on the part of the plaintiffs to perfect their appeal would have obviated the necessity for the petition herein. The purpose of Rule 54(b) should not be distorted in order to enable plaintiffs to be relieved of the effect of their dilatory conduct.

Under all the circumstances, however, it may be desirable to obtain a speedy determination of the principal issues of this lawsuit which relate to the status of the license contract between the parties and the alleged violation of the contract by plaintiffs' manufacture and sale of a competing hair dye. The determination of the damage issue may consume substantial time. If the Court is affirmed on the injunction issue, then any appeal on the damage question will only involve the record pertaining to that issue. If the Court is reversed or the judgment modified on the injunction issue, obviously the damage question may become moot or more limited in scope than under the present findings.

The Court concludes, therefore, that plaintiffs are entitled to have an order under Rule 54(b) expressly finding that there is no just reason for delay in the entry of a final judgment upon the order of this Court entered in the above matter dated December 30, 1950, and expressly directing the Clerk to enter a final judgment thereon. However, the entire record will not justify a stay of the judgment to be entered herein on the tendering of a supersedeas by the plaintiffs. This Court has determined finally that the license contract between the parties is in full force and effect, and that plaintiffs now are promoting the sale of a competitive hair dye which materially affects the business of defendant in its manufacture and sale of Tecnique under that contract. It would be an incongruity to permit plaintiffs to have the benefits of a stay order and thus countenance a situation where they obtain the royalties from the sale of Tecnique, but, notwithstanding, allow them to undermine that business by the promotion and sale of a competing article. Moreover, it would be manifestly unfair and unjust, and wholly incompatible with the Court's final determination of the principal issues herein, to stay the enforcement of the entire injunction as plaintiffs request and thereby release plaintiffs from all the obligations they agreed to perform and recognize in the license agreement.

Balancing the equities, therefore, and after due consideration, it is the Court's view that if plaintiffs desire to appeal from any final judgment to be entered on the injunction, such judgment will not be stayed by supersedeas, as plaintiffs request, but if, in connection with any appeal, they desire to petition the Court for a reasonable bond to be given by the defendant as a condition for the denial of supersedeas by the plaintiffs, such application will be given due consideration. An appropriate order in harmony with the views expressed herein may be presented by the plaintiffs upon five days' notice.

An exception is reserved.